### No. 59
### VANSUCH et v. STATE
No. 18875. Supreme Court

On motion to direct Mahoning Appeals to certify record and to stay execution of Judgment; Dock. 12-22-24, 3 Abs. 3.

**747. MANDAMUS—Have suspended patrolmen right to have writ issued to force Public Director to return them to position?**

**801. MUNICIPAL LAW—Has Safety Service Director power to suspend patrolmen under the given circumstances?**

The council of the city of East Youngstown passed an emergency ordinance cutting down its police force from 16 to 12. The reason was that the city had at that time a deficit and did not have sufficient funds for current operating expenses for the year 1924. The suspension of four of the police force was a step in lessening expenses. Two patrolmen, Fetch and Colipedro, received notice of their suspension, but they nevertheless reported to headquarters thereafter. This continued for a period of two months, when the two patrolmen instituted a suit in mandamus in the Mahoning Common Pleas, praying that Vansuch recognize them as patrolmen, and permit them to perform their duties so that they could draw their respective salaries.

Vansuch, as Director of Public Safety, and Service, filed a general demurrer which was overruled, and answer followed, to which the patrolmen replied. The Common Pleas denied them the writ. Its judgment was reversed by the Court of Appeals, and it granted a permanent writ on the ground that the reason of suspension did not come within the meaning of the statute, 4227-3 GC.

The plaintiffs contend that:

1. The Court of Appeals erred in construing the emergency clause in Sec. 2 of the ordinance to the effect that the emergency set forth therein, did not constitute an emergency within the meaning of the statute, necessary for immediate preservation of public health, peace, and safety of East Youngstown, and did not go into effect immediately.

2. That the defendants did not have a right to referendum; not filing their papers pertinent to the referendum petition within 30 days after the original judgment.

3. Where it is impossible to meet payrolls, due to temporary financial and economic difficulties, the problem concerns only the public welfare and is a political and economic one. 108 OS. 304.

4. The Safety Service Director has general authority to suspend members of the police force, when finances are insufficient. Defendants, however, are still on the eligible list for future employment, under the Civil Service Law.

Attorneys—Xury Williams, E. Youngstown, and Oscar E. Diser, Youngstown, for plaintiffs; D. F. Rendinell, Youngstown, for defendants.